■ JOEL M. BERNSTEIN, Appellant, v JOHN M. LORE, JR., et al., Respondents.—Order unanimously modified in accordance with memorandum and, as modified, affirmed, without costs. Memorandum: Plaintiff seeks to vacate an order at Special Term granting defendants disclosure of plaintiff's Blue Shield applications for reimbursement of professional and surgical fees and disclosure of his business records and income tax returns. Plaintiff attempts to prevent disclosure of the Blue Shield applications by claiming that they are protected by the physician-patient privilege under CPLR 4504 (subd [a]). That argument is insupportable. In order for the privilege to attach, the communication must have been confidential in nature and the patient must have contemplated that it would be kept so *(People v Decina,* 2 NY2d 133). The type of information set forth in a Blue Shield application is clearly not of a confidential nature intended to be communicated only to the attending physician nor is it such as to result in " 'humiliation, embarrassment, or disgrace to patients' " *(People v Al-Kanani,* 33 NY2d 260, 264 [quoting *Steinberg v New York Life Ins. Co.,* 263 NY 45, 48-49]). Despite the fact that the Blue Shield applications are not privileged, defendants agree that it is not necessary to the defense to reveal the names of the patients. The order at Special Term is therefore modified to provide that counsel for the respective parties will devise a method of redacting the patients' names and addresses and substituting numbers or other symbols whereby the documents can be readily identified. The order is further modified to the extent that it directs production of plaintiff's income tax returns. Plaintiff alleges

economic injury resulting from the loss of patients, patient referrals and productive time as well as prospective economic injury due to impairment of the expansion of his medical practice. The information necessary to establish a defense to these allegations should be ascertainable from plaintiff's financial records. If, however, defendants determine that they cannot adequately prepare a defense on the basis of those records, they may renew their motion with respect to the income tax returns. (Appeal from order of Erie Supreme Court—discovery and inspection.) Present—Marsh, P. J., Hancock, Denman, Goldman and Witmer, JJ.