OPINION OF THE COURT
E. Leo Milonas, J.
The defendant was indicted on November 30, 1977 for the crimes of tampering with physical evidence and hindering prosecution in the first, degree as the result of events surrounding the demise of one Larry Martino on September 5, 1977. On that date, the deceased was found lying in the street at 106th Street and Park Avenue in the County of New York, death being due to a single bullet wound to the head. He had last been seen alive in the apartment of Michael Costello, the *1038 person ultimately accused of the murder. Present at the time were the defendant, his wife Bonnie, Costello and his wife Paula, the deceased and his wife Susan, and an uncertain number of children. Martino was last observed in the company of Costello, heading in the direction of the bathroom.
It is the People’s contention that Costello killed ’ the deceased and, with the assistance of the defendant, removed the body through a back door and into a vehicle, thereafter transporting it to the location where it was subsequently discovered. Although there were no witnesses to the shooting itself, a neighbor testified before the Grand Jury that she saw Costello dragging a body into the hallway and, aided by another individual, later identified as the defendant, carrying it to an automobile. Therefore, defendant’s claim that he was indicted on insufficient circumstantial evidence is simply not supported by the Grand Jury minutes.
The issue for consideration, apparently one of first impression, is thus whether the defendant, under the circumstances of this case, is properly chargeable with (1) tampering with physical evidence and/or (2) hindering prosecution. In his view, both counts of the indictment must be dismissed for failure to state a crime and that, moreover, the facts alleged by the prosecution constitute no more than a misdemeanor under the Public Health Law.
According to subdivision 2 of section 215.40 of the Penal Law, a person is guilty of tampering with physical evidence when: "Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person.”
Subdivision 1 of section 215.35 of the Penal Law defines "physical evidence” as "any article, object, document, record or other thing of physical substance which is or is about to be produced or used as evidence in an official proceeding.”
"Official proceeding” means "any action or proceeding conducted by or before a legally constituted judicial, legislative, administrative or other governmental agency or official, in which evidence may properly be received.” (Penal Law, § 215.35, subd 2.)
The defendant argues that a body is not physical evidence, that the indictment does not state that the body was the *1039 physical evidence about to be used in a prospective official proceeding, that no specific official proceeding is named and, finally, that moving a body does not involve an act of concealment as required by statute. While this court agrees with defendant’s assertion that count one is defective, its conclusion is based primarily on a ground not here advanced.
Clearly, a body may be physical evidence of a crime despite the fact that its actual production before the Grand Jury or at trial is precluded for very obvious reasons. Instead, the rules of evidence provide for testimony by persons who have surveyed the deceased, such as medical examiners. This does not render the corpse any the less physical evidence. Further, a plain reading of the accusation leaves no doubt that the body was precisely the evidence which was to be used in connection with a prospective official proceeding, and the lack of specificity within the indictment as to the nature of that proceeding in no way affects its sufficiency, since the omission is curable by a bill of particulars if there is a need for elucidation. The defendant has, at any rate, been fully apprised of the conduct with which he is charged. As for defendant’s contention that merely transporting a body is not the same as concealing it, the distinction is largely a semantic one with little substance. The body was allegedly moved for the purpose of preventing Costello’s detection by law enforcement officers. That is concealment as much as if the corpse had been interred in the ground or placed in some sort of receptacle.
In the opinion of the court, however, the real problem with the first count relates to the essence of the crime of tampering with physical evidence. Section 215.40 of the Penal Law appears to contemplate an existing official proceeding, not one which may possibly arise some time in the future. According to the words of the statute, the accused must believe that the evidence in question is "about to be produced or used in an official proceeding”. Here, the defendant supposedly attempted to assist Costello in avoiding discovery; he was not trying to dispose of evidence in order to forestall its introduction before the Grand Jury or at trial. No criminal action had yet been instituted against either the defendant or Costello, and, in effect, the body could not become evidence until such a proceeding had actually been commenced. Consequently, the defendant’s motion to dismiss count one of the indictment is granted.
The second count charges the defendant with the crime *1040 of hindering prosecution in the first degree in that he allegedly: "in the County of New York, on or about September 5, 1977, rendered criminal assistance to Michael Costello, a person who had committed a Class A Felony, to wit, Murder in the Second Degree, knowing or believing that such person had engaged in conduct constituting a Class A Felony, to wit, Murder in the Second Degree, by moving a dead body.”
It is the defendant’s position that this count is also fatally defective because it fails to state facts demonstrating exactly how he furnished criminal assistance to Costello. In this respect, he cites section 205.50 of the Penal Law which lays out six different methods by which an individual can hinder prosecution, asserting that the indictment’s silence as to which of these theories applies mandates dismissal. However, the indictment does assert appropriate facts; it claims that the defendant hindered prosecution by moving a dead body. He is, after all, charged with having violated section 205.65 of the Penal Law. Section 205.50 of the Penal Law is simply a statute defining "renders criminal assistance”, and it is certainly not essential to a valid accusatory instrument that definitions be incorporated into the text of the allegation. All that is required is a plain and concise statement supporting every element of the offense charged and informing the defendant of the conduct which is the subject of the accusation. (CPL 200.50.) In the instant case, the indictment is consistent with that requirement. Moreover, the court does not agree that transporting a body does not fall within any of the six categories listed in section 205.50 of the Penal Law. Therefore, the defendant’s motion to dismiss the second count is denied.