*146 OPINION OF THE COURT
Rose McBrien, J.
 The defendant has moved to dismiss all the charges in the information after a preliminary hearing. The defendant is charged with attempted tampering with physical evidence (Penal Law, §§ 110.00, 215.40), obstructing governmental administration (Penal Law, § 195.05), and resisting arrest (Penal Law, § 205.30).
The testimony at the hearing was in substance as follows:
Police Officer Drogan observed the defendant making a purchase of a glassine envelope containing white powder. He relayed this information and a description of the defendant to his three-man back-up team. The back-up team continued the surveillance of the defendant, who proceeded through a housing project and then began to enter a car. At this point, all three officers approached the car, two in a squad car and one on foot (all in uniform). The defendant locked the door of the car when he saw the officers. Sergeant Finkelstein informed the defendant that he was under arrest, and he drew his pistol when he saw the defendant reach into his coat pocket. Instead of opening the car door, the defendant removed a glassine envelope from his pocket and put it in his mouth. Sergeant Finkelstein then broke the car window and forcibly removed the defendant from the vehicle. Sergeant Finkelstein directed one of the other officers to get the glassine envelope from defendant’s mouth, and a brief struggle ensued. The envelope was never recovered.
As to the charges of resisting arrest and obstructing governmental administration, the court finds that the People have met their burden of establishing reasonable cause. The motion to dismiss these charges is denied.
The remaining count of tampering with physical evidence is not so easily resolved, both because there is a paucity of cases dealing with this crime and there appears to be a statutory deficiency in the sections defining it. Tampering with physical evidence is set forth at section 215.40 of the Penal Law as follows: "A person is guilty of tampering with physical evidence when: * * * 2. Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by an act of concealment, alteration or destruction”. Subdivision 1 of *147 section 215.35 of the Penal Law defines physical evidence as "any article * * * of physical substance which is or about to be produced or used as evidence in an official proceeding.” The same section sets forth the following definition of "official proceeding” at subdivision 2: "any action or proceeding conducted by or before a legally constituted judicial, legislative, administrative or other governmental agency or official, in which evidence may properly be received.”
The court is of the opinion that inquiry, investigation or arrest by the police do not fall within the definition of "official proceeding” set forth above. The court believes that the term "in which evidence may be properly received” refers to introduction into evidence at some tribunal authorized to receive evidence such as a court of law, Grand Jury, legislative or administrative hearing, etc. That stage was clearly not reached here, nor can the defendant be presumed to have believed that there would be a "prospective official proceeding”. (Penal Law, § 215.40, subd 2.)
The language of the predecessor statute of sections 215.35 and 215.40 of the Penal Law is of significance. Section 812 of the former Penal Law ("destroying evidence”) provided: "A person who, knowing that a book, paper, record, instrument in writing, or other matter or thing, is or may be required in evidence, or on a motion, upon any trial, hearing, inquiry, investigation, or other proceeding, authorized by law, willfully destroys the same, with intent thereby to prevent the same from being produced, is guilty of a misdemeanor.” (Emphasis added.) The language of subdivision 2 of section 215.35 of the Penal Law defining "official proceeding” is far more restrictive than what was contained in section 812 of the former Penal Law. Section 812 speaks of an inquiry, an investigation "or other proceeding authorized by law”. The court feels that a police surveillance or arrest would have fallen within the old definition; it does not come within the new.
Ironically section 812 of the former Penal Law did have a "loophole” which was remedied by the new law. Section 812 made one who "destroys” evidence guilty; it did not prohibit concealment or alteration of evidence as does subdivision 2 of section 215.40 of the Penal Law. The case of People v De Felice (282 App Div 514) reversed a conviction under section 812 and dismissed the indictment because the defendant had concealed evidence, a shotgun, but had not destroyed it; in fact the gun was found by police.
*148 The Legislature apparently adhered to the suggestion by the court in People v De Felice (supra) that this statutory deficiency be remedied. However, it is believed another was created because of the restrictive definition of "official proceeding” contained in subdivision 2 of section 215.35 of the Penal Law.
That portion of the defendant’s motion that requests dismissal of the charge of attempted tampering with physical evidence is granted.