■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROBERT NICHOLAS, Respondent.—Order, Supreme Court, New York County, entered March 28, 1978, dismissing the first count of the indictment charging the defendant with the crime of tampering with physical evidence, and denying the motion to dismiss the second count of the indictment charging the defendant with the crime of hindering prosecution in the first degree, unanimously modified, on the law, to the extent of reinstating the first count of the indictment and otherwise affirmed. On September 5, 1977, the body of Larry Martino was found beneath the railroad viaduct at East 106th Street and Park Avenue. He had been shot to death. In connection with this homicide, the defendant was indicted for the crimes of tampering with physical evidence and hindering prosecution in the first degree. Defendant moved to dismiss the indictment. The trial court granted the motion to the extent of dismissing the count charging the defendant with tampering with physical evidence. We would reinstate that count. The evidence before the Grand Jury indicated that the defendant helped one Costello to move

Martino's body from an apartment on East 116th Street into a car. Defendant and Costello then drove away with the body propped up between them in the front seat. The statute provides that: "A person is guilty of tampering with physical evidence when: * * * 2. Believing that certain physical evidence is about to be produced or used in an official proceeding *or a prospective official proceeding,* and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person." (Emphasis added.) (Penal Law, § 215.40, subd 2.) While it is true that at the time defendant allegedly moved the body there was no official proceeding pending, a prospective official proceeding could readily be contemplated. The moving of the body prior to an official proceeding being begun constituted tampering with physical evidence. We further note that the lack of specificity in both counts of the indictment, allegedly rendering them fatally infirm, can be cured by a demand for a bill of particulars, and dismissal on that basis is therefore unwarranted *(People v Jackson,* 46 NY2d 721; *People v Fitzgerald,* 45 NY2d 574). Concur—Murphy, P. J., Bloom, Lane and Silverman, JJ. [93 Misc 2d 1037.]