## Commonwealth v. Gilbert

*Brett Feese, assistant district attorney,* for the commonwealth.

*William Miele,* for defendant.

WOLLET, *J.,* March 12, 1986 — On December 11, 1985, a jury found Lonnie Gilbert guilty of two counts of perjury (18 Pa.C.S. §4902) and one count of false swearing (18 Pa.C.S. §4903). Defendant timely filed post-trial motions. At oral argument, held March 3, 1986, defendant withdrew many of the arguments contained in his post-trial motions. Therefore, only four arguments remain to be addressed by the court. Two of the four relate to alleged errors of law, while the remaining two claims relate to alleged trial errors.

In June 1983, members of the Williamsport Police Department interviewed defendant in an effort to gain information regarding an assault on John Beauge and the murder of Andreas Bergensen. Because defendant had criminal charges pending

against him (unrelated to the above charges), he wanted to know if some type of plea agreement could be made in exchange for information pertinent to the Beauge and Bergensen investigations. Defendant then made statements which assisted the police in their investigations.

On July 15, 1983, the Honorable Clinton W. Smith sentenced defendant on charges unrelated to the present charges. Prior to sentencing, the assistant district attorney advised Judge Smith that defendant had placed himself in personal danger by cooperating with the police in the Beauge and Bergensen cases. Because of this, the assistant district attorney recommended only county incarceration. In sentencing defendant, Judge Smith complimented defendant for his cooperation. At defendant's trial on the present charges, this court, in ruling upon a motion in limine, allowed the commonwealth to read the July 15, 1983, guilty plea colloquy into evidence. By order dated December 6, 1985, the court also stated that any reference to the specific crimes which formed the basis for the guilty plea would not be allowed — would have to be redacted from the guilty plea colloquy.

On December 14, 1983, defendant was again interviewed regarding the Bergensen homicide. Present at that interview were Assistant District Attorney Kenneth Osokow; two members of the Williamsport Police Department, Lieutenant Miller and Agent Wilson; and a notary public employed in the district attorney's office, Deborah Reed. After defendant was placed under oath by Ms. Reed, defendant stated that he had a conversation with John Caesar Cobb wherein Cobb implicated himself and Edward James Jett in the Bergensen homicide. Cobb and Jett were subsequently arrested on December 16, 1983.

In August 1984, defendant testified in *Commonwealth v. Jett*, Lyco. Cty. No. 84-10,013 (purpose of hearing was to decide numerous defense motions). At the hearing, defendant testified that he never had a conversation with Cobb wherein Cobb implicated himself and Jett in the Bergensen homicide. Defendant further testified that the reason he had earlier stated that such a conversation had taken place was because of threats from members of the Williamsport Police Department.

In order to address defendant's post-trial motions regarding alleged errors of law, it is necessary to distinguish the two separate counts of perjury. Count one charges that defendant was guilty of perjury based upon a false statement defendant made while testifying in *Jett*. The alleged false statement related to defendant testifying that he was threatened by the police. At trial, the commonwealth introduced evidence that defendant was not threatened by the police. Apparently the jury accepted the commonwealth's testimony as being true and therefore, found defendant guilty of the first count of perjury.

The second count of perjury was based upon inconsistencies between defendant's statements at the December 14, 1983, interview (at the district attorney's office) and his testimony at the *Jett* hearing. The jury also found defendant guilty of the second count of perjury.

The first of defendant's two post-trial motions alleging errors of law relates to a prior opinion and order of this court, dated October 14, 1985, wherein the court found that defendant's testimony at the *Jett* hearing was material.[1] Defendant again claims

---

1. A false statement must be material in order to support a perjury charge. Materiality exists if the false statement could have affected the course or outcome of the official proceeding wherein it was made regardless of the admissibility of the

that the statement was not material. In response to defendant's argument, the court adopts the reasoning employed in the October 14, 1985, opinion and order. Therefore, defendant's post-trial motion alleging an absence of materiality will be denied.

Defendant's next argument relates only to the second count of perjury. The essence of the argument is that because defendant's false statement made at the December 14, 1983, interview was not made at an "official proceeding," defendant cannot, as a matter of law, be found guilty of perjury.

18 Pa.C.S. §4902(a) defines perjury as follows:

"(a) Offense defined. — A person is guilty of perjury, a felony of the third degree, if in any *official proceeding* he makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of a statement previously made, when the statement is material and he does not believe it to be true."

Therefore, the issue before the court is whether the interview of a witness conducted in the district attorney's office, in the presence of members of the police department and an assistant district attorney, constitutes an official proceeding when the witness is placed under oath by a notary. If the interview does not constitute an official proceeding, defendant cannot be guilty of the second count of perjury.[2] 18 Pa.C.S. §4501 defines an official proceeding as follows:

---

statement under the rules of evidence. See 18 Pa.C.S. §4902(a) and (b).

2. The court's resolution of the issue does not involve the first count of perjury because it is clear that defendant's false statement regarding police threats was made in an official proceeding — a hearing before the court to decide various defense motions.

" 'Official proceeding.' A proceeding heard or which may be heard before any legislative, judicial, administrative or other government agency or official authorized to take evidence under oath, including any referee, hearing examiner, commissioner, notary or other person taking testimony or deposition in connection with any such proceeding."

Unable to locate any Pennsylvania court decision interpreting the above definition, the parties cited to *People v. Traynham,* 95 Misc.2d 145, 407 N.Y.S.2d 408 (1978). Although the court's own research did not locate any Pennsylvania decisions, several decisions from jurisdictions other than Pennsylvania were located.

The court will first discuss the case most favorable to the commonwealth. In *State v. Witte,* 451 S.2d 950 (Fla. Dist. Ct. App., 1984), defendant was charged with perjury after he made a false statement to an assistant state attorney at a pre-filing conference held for the purpose of obtaining sworn testimony for the initiation of a prosecution against another individual. Based upon a definition of official proceeding similar to that found in Pennsylvania law, the court reasoned that whether a proceeding is official depends upon its purpose and the authority from which it derives. Because a Florida rule of criminal procedure required the state attorney to certify that he has received testimony under oath from witnesses prior to filing an information charging a felony, the court found the pre-filing conference to be an official proceeding. In so doing, the court distinguished *McCoy v. State,* 338 So.2d 52 (Fla. Dist. Ct. App., 1976). In *McCoy,* the court decided that a defendant could not be convicted of perjury by inconsistent statements in official proceedings where the witness's testimony was not taken by a state attorney, but was taken by police

detectives after an assistant state attorney had placed defendant under oath.

In *Traynham,* 95 Misc.2d 145, 407 N.Y.S.2d 408 (1978), defendant was charged with tampering with physical evidence. Police observed defendant purchase an envelope containing white powder. When the police approached defendant's car and told him he was under arrest, defendant placed the envelope into his mouth. The statute under which defendant was charged provided, in pertinent part:

"(a) person is guilty of tampering with evidence when . . . believing that evidence is about to be produced or used in an official proceeding . . . he suppresses it. . . ."

The definition of official proceeding contained in N.Y. Penal Law section 215.35(1) defined official proceeding as, ". . . any action or proceeding conducted by or before a legally constituted judicial, legislative, administrative or other governmental agency or official, in which evidence may properly be received."

The court reasoned that the term, "in which evidence may properly be received," referred to introduction of evidence at some tribunal authorized to receive evidence. Further, that "inquiry, investigation or arrest by the police do not fall within the definition of official proceeding. . . ." Id. 407 N.Y.S.2d at 409. Compare, *Frayer v. People,* 684 P.2d 927 (Colo., 1984). (distinguishing *Traynham,* supra, and placing emphasis upon defendant's conduct and intent).

In *Nessmith v. State,* 472 So.2d 1278 (Fla. Dist. Ct. App., 1985), defendant was convicted of perjury after he gave false testimony at a deposition where he was placed under oath by a notary. The appellate court reversed, specifically finding that defendant's false statements were not made in an official pro-

ceeding. The court relied upon *Witte,* supra, and reasoned that because the deposition was not required by law, it was different than the pre-filing conference in *Witte* (which was determined to be an official proceeding). The court also reasoned that Florida law defines two classes of perjury: perjury in an official proceeding, a felony; and perjury when not in an official proceeding, a misdemeanor. The court then stated that if defendant committed any offense, it was the misdemeanor perjury. Id. 472 S.2d at 1255.

In relation to the present case, if defendant's interview had been required by law or taken place before some type of tribunal, the court would have little difficulty finding that the interview constituted an official proceeding. However, based upon the fact that police were involved in the interview, which took place prior to Cobb and Jett being arrested, and because the interview was not required by law (distinguishing *Witte,* supra), it was more like an investigation interview than an official proceeding. Because the court finds that the interview was not an official proceeding, defendant cannot be found guilty of the second count of perjury. Therefore, defendant's motion in arrest of judgment to the second count of perjury will be granted.

The court is mindful of the fact that defendant was found guilty of false swearing. Therefore, defendant's wrongdoing does not go unpunished. In reviewing the false swearing statute, the court finds that it more appropriately prohibits defendant's criminal act than the perjury statute. In this regard, 18 Pa.C.S. §4903(a)(2) defines false swearing as follows:

"§4903. False swearing

"(a) False swearing in official matters. — A per-

son who makes a false statement under oath or equivalent affirmation, or swears or affirms the truth of such a statement previously made, when he does not believe the statement to be true is guilty of a misdemeanor of the second degree if:

"(2) *the falsification is intended to mislead a public servant in performing his official function.*"

Defendant's post-trial motions also contain two arguments claiming trial errors. Defendant first argues that the court erred when it refused to allow defense counsel to question commonwealth witnesses regarding immunity offers made to other prospective witnesses in the Bergensen investigation. Because immunity offers made to other prospective witnesses were irrelevant, the court did not err. Defendant also argues that the court erred by allowing the commonwealth to read portions of defendant's July 15, 1983, guilty plea colloquy before Judge Smith into evidence. Because this procedure did not result in unfair prejudice to defendant, the court did not err. Based upon the above, defendant's post-trial motions alleging trial error will be denied.

ORDER

And now, March 12, 1986, the court orders and directs as follows:

(A) Defendant's post-trial motion alleging an absence of materiality is denied.

(B) Defendant's post-trial motion requesting a motion in arrest of judgment to the second count of perjury based upon the defendant's false statement not being made in an official proceeding, is granted.

(C) Defendant's post-trial motions alleging trial errors are denied.