■ RICHARD J. SMITH et al., Respondents, v INTERNATIONAL PAPER COMPANY, Appellant.—Casey, J. Appeal from that part of an order of the Supreme Court (Travers, J.), entered May 13, 1987 in Rensselaer County, which granted plaintiffs' motion for discovery and denied defendant's motion for a protective order.

On April 13, 1986 plaintiff Richard J. Smith (hereinafter plaintiff), an independent truck driver making a delivery at defendant's plant in the Town of Ticonderoga, Essex County, sustained serious injuries from his exposure to toxic gases, chlorine and chlorine dioxide, that were alleged to have been intentionally or accidentally discharged at the location where defendant's security guards had instructed plaintiff to unload. As a consequence, plaintiff has pleaded causes of action in negligence, nuisance, strict liability resulting from defendant's abnormally dangerous activity and battery. Plaintiff's wife has pleaded derivative causes of action.

On November 14, 1986 plaintiffs served a notice of discovery and inspection of various documents and materials. On the return day, December 10, 1986, no one appeared on behalf of defendant; nor was there any attempted compliance with the notice or any request for additional time to comply. On December 22, 1986 a supplemental demand for discovery was served, returnable January 15, 1987. Again, there was no compliance, no appearance, objection or request for adjournment or additional time, or any communication by counsel for defendant.

On or about January 29, 1987, by notice of motion returnable February 17, 1987, plaintiffs moved for an order of discovery under CPLR 3124 and for sanctions under CPLR 3126. On February 18, 1987, defendant requested an adjournment to decide whether to oppose the motion. When counsel for plaintiffs was informed of this request, he objected thereto as being untimely and meritless. Supreme Court, however, adjourned the motion to March 13, 1987. On March 6, 1987 defendant served responses to several of plaintiffs' demands and simultaneously cross-moved for a protective order to prevent disclosure of numerous documents and compliance with several demands. The protective order was sought upon the grounds that the demands of plaintiffs were overly broad and would require disclosure of certain documents protected by the physician-patient privilege. Supreme Court granted plaintiffs' motion to compel discovery, denied plaintiffs' motion for sanctions and denied defendant's cross motion for a protective order.

Subsequently, defendant voluntarily made additional disclosure, but failed to comply with so much of the order as compelled disclosure of and denied a protective order for any documents which would disclose information protected by the physician-patient privilege in relation to nurses' logs and accident reports containing information which could lead to

the discovery of such privileged information. Plaintiffs' notice of discovery and inspection demanded copies of any reports of incidents of chlorine or other toxic gas inhalation or exposure by employees, or other persons, at or near defendant's Ticonderoga mill within five years prior to April 13, 1986.

At its Ticonderoga facility, defendant maintains a nurses' station, staffed by a nurse and under the supervision of a physician. The nurses' log contains information regarding any employee or nonemployee who reports a medical condition. The name of the individual and information regarding diagnosis and treatment are contained in the log and defendant contends that it has the right to redact the name of each patient from the information supplied in order to maintain confidentiality.

Defendant's failure to object to plaintiffs' demand for almost four months forecloses inquiry into the propriety of plaintiffs' demand and precludes consideration of its merits, unless the notice in question is palpably improper or involves privileged matter (see, CPLR 3122; Lazan v Bellin, 95 AD2d 751). In our view, the records containing the requested information, which are kept in the regular course of business pursuant to Federal regulations (29 CFR 1904.2 [a]), are not privileged (see, Mayer v Albany Med. Center Hosp., 56 Misc 2d 239, mod 37 AD2d 1011). There was no reasonable expectation of confidentiality in such records and the list of names of prior accident victims is discoverable (cf., Moore v St. John's Episcopal Hosp., 89 AD2d 618). The order of Supreme Court should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.