■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT DeROSA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered July 29, 1988, convicting him of murder in the second degree, tampering with physical evidence, criminal possession of a weapon in the fourth degree, failing to report a death without medical attendance, and burying a body without a permit, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), and giving it the benefit of every reasonable inference to be drawn therefrom, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Although the evidence was wholly circumstantial, a determination of guilt flows naturally from the facts proven and excludes to a moral certainty every reasonable hypothesis of innocence (see, People v Marin, 65 NY2d 741; People v Benzinger, 36 NY2d 29). The conflicting expert testimony regarding the source of certain markings on the skeletal remains of the victim presented an issue of credibility for the jury, which was resolved in favor of the People. Upon the exercise or our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

We further find that the maximum sentence imposed on the murder conviction was neither harsh nor excessive under the circumstances of this case (see, People v Suitte, 90 AD2d 80). In this regard, we note that the defendant had previously been found guilty of manslaughter in the first degree for killing a four-year-old girl and secreting the body in his mother's home, and that soon after the defendant's release from parole on that conviction, he committed this homicide. Mangano, P. J., Thompson, Lawrence and O'Brien, JJ., concur.