■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GARY L. DERUE, Respondent.

First, we find that the court invaded the province of the Grand Jury when it found that copies of certain invoices, submitted by the Attorney-General as evidence to support counts four, five, eight, nine and twelve, were illegible. Pursuant to CPL 190.65 (1) (a) and (b), an indictment must be supported by legally sufficient evidence, and "competent and admissible evidence" must provide reasonable cause to believe that such person committed such offense. The standard of review on a motion to dismiss an indictment is "whether there was 'competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof' " (People v Warner-Lambert Co., 51 NY2d 295, 298, cert denied 450 US 1031). The evidence must be viewed most favorably to the People (People v Mikuszewski, 73 NY2d 407, 411) and all questions concerning the quality or weight of the proof should be deferred (People v Jennings, 69 NY2d 103, 115). We find that the copies of the invoices and the testimony by which they were identified provided legally sufficient evidence to establish that defendant purported either to have been tax exempt or to have paid the sales tax; the actual numbers on the copies of the invoices were not at issue. The poor quality of the copies of the invoices affected their weight rather than their legal sufficiency.

Second, we find that the court erred in dismissing the indictment on the ground that witness John Costello, supervisor of the Buffalo Office of the Tax Investigations Unit, was permitted to explain the law to the Grand Jury in violation of CPL 190.25 (6). He testified concerning the obligations of vendors and vendees to pay sales tax unless exempted by law and reflected in a resale certificate and he explained departmental procedure. Defendant was charged with violating the Penal Law, and the only source of instruction on the Penal Law was the Assistant Attorney-General. The actual obligations under the Tax Law as testified to by Costello are relevant by way of background; defendant was not charged with violating the Tax Law. Evidence that he gave the tax auditor two different versions of invoices for the same equipment, together with evidence that the seller of that equipment had only the original version, constituted legally sufficient proof of an intent to defraud.

Third, the court erred in finding that information taken off the record impaired the integrity of the Grand Jury proceedings. Even assuming, arguendo, that any conversations must be recorded *(see, People v Erceg,* 82 AD2d 947), defendant failed to demonstrate the requisite possibility of prejudice entitling him to dismissal on that ground *(see, People v Collins,* 154 AD2d 901, 902, *lv denied* 75 NY2d 769).

Fourth, the court erred in dismissing counts nine through twelve, charging defendant with tampering with physical evidence, on the ground that the Tax Department audit was not an official proceeding within the meaning of Penal Law § 215.35 (2). An official proceeding is defined in Penal Law § 215.35 (2) as "any action or proceeding conducted by or before a legally constituted judicial, legislative, administrative or other governmental agency or official, in which evidence may properly be received." The crime of tampering with physical evidence involves the intent to use false evidence in an official proceeding or a prospective official proceeding (Penal Law § 215.40 [1]). The tax auditor testified that the purpose of an audit is to determine the correct tax liability of an individual or business and that she takes copies of business records to support her findings; she testified that she explained to defendant that the copies he gave her would become part of the records of the audit. Records supplied by defendant were received in the audit and prosecution for tax evasion "could readily be contemplated" *(People v Nicholas,* 70 AD2d 804, 805).

Fifth, the court erred in finding that the invoices were not "written instruments" and in dismissing counts one through eight on that basis. With respect to counts one through four, offering a false instrument for filing in the first degree, the court found that the invoices are not written instruments within the meaning of Penal Law § 175.00 (3) because there was no proof that demonstrated that an invoice is "capable of being used to the advantage or disadvantage of some person." We disagree. The invoices were capable of being used to defendant's advantage, to avoid paying sales tax *(see, People v Bigus,* 68 NY2d 723; *see generally,* Donnino, Practice Commentary, McKinney's Cons Laws of NY, Book 39, Penal Law § 175.30, at 335). With respect to counts five through eight, criminal possession of a forged instrument in the second degree, the court found that there is no legal definition of invoice that brings it within the meaning of a written instrument as defined in Penal Law § 170.10. We disagree and find that the invoices are indeed instruments that purport to

evidence "a legal right, interest, obligation or status" (Penal Law § 170.10 [1]). They set forth the rights of parties to the transactions and defendant intended to show therefrom that he either was tax exempt or had paid the sales tax. (Appeal from Order of Monroe County Court, Marks, J.—Dismiss Indictment.) Present—Denman, P. J., Pine, Balio, Lawton and Davis, JJ.