■ STATE OF NEW YORK, Plaintiff, and TOWN OF MOREAU et al., Appellants-Respondents, v GENERAL ELECTRIC COMPANY, Respondent-Appellant. (And Another Related Action.) [607 NYS2d 181] —White, J. Cross appeals from an order of the Supreme Court (Brown, J.), entered October 8, 1992 in Saratoga County, which partially granted defendant's motion for a protective order.

During the course of the pretrial proceedings in this public nuisance action arising out of the alleged dumping by defendant of toxic wastes at the Caputo dumpsite in the Town of Moreau, Saratoga County, Supreme Court appointed a Referee to supervise disclosure. On January 6, 1990, plaintiff Town of Moreau brought a motion before the Referee to compel defendant to comply with the Town's second notice for discovery and inspection seeking, *inter alia,* the unredacted medical records of 65 of defendant's employees who worked directly with materials containing PCBs and subsequently complained of contact dermatitis, upper respiratory ailments or other subjective complaints. In an order dated October 8, 1991, based on his decision that the records were not protected by the physician-patient privilege, the Referee directed defendant to comply with the Town's notice. On May 5, 1992, defendant moved for a review of the Referee's order pursuant to CPLR 3104 (d). Although Supreme Court found that the motion was untimely, it proceeded to find that the records were protected by the physician-patient privilege and granted defendant's motion to the extent of ordering disclosure of the records with all means of identification of the employees redacted. These cross appeals followed.

We need not address the Town's argument regarding the untimeliness of defendant's motion to review the Referee's order because we disagree with Supreme Court's finding that these records are privileged. For the physician-patient privilege to attach, there must have been a professional relationship between the physician and patient; the information must have been acquired by the physician while attending the patient in a professional capacity and must have been necessary to enable him or her to treat the patient; and the patient must not have waived the privilege *(see, Dillenbeck v Hess,* 73

NY2d 278, 289; *see also,* CPLR 4504 [a]). Additionally, it must appear, in light of all the surrounding circumstances, that the communication was intended to be confidential and that the patient must have contemplated that it would remain so *(see, People v Decina,* 2 NY2d 133, 145; *Bernstein v Lore,* 59 AD2d 650).

In *Smith v International Paper Co.* (142 AD2d 858), the plaintiff sought discovery of reports of incidents of chlorine or other toxic gas inhalation or exposure by employees at or near the defendant's papermill. The defendant contended that it had the right to redact the name of each employee from the information supplied in order to maintain confidentiality *(supra,* at 860). We held that the records were not privileged because they were kept in the regular course of business pursuant to Federal regulations and there was no reasonable expectation of confidentiality in such records *(supra).*

In this instance, the medical information the Town seeks was generated as the result of the medical attention the employees received at defendant's clinic located at its Fort Edward-Hudson Falls plant. It appears that this medical information was shared with defendant's management personnel to enable them to determine an employee's specific need to be removed from exposure to various chemicals used in the manufacturing process. It further appears that the information was used in 10 scientific studies of the health effects of PCB exposure on defendant's employees. Moreover, defendant did not produce any evidence in the record to suggest that its employees expected this information to remain confidential *(see, Matter of Jeanne TT.,* 184 AD2d 895). Therefore, because the quantum of proof of the lack of confidentiality is greater here than in *Smith v International Paper Co. (supra),* we conclude that the physician-patient privilege does not apply to the subject records. Accordingly, we reverse.

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs to plaintiff Town of Moreau, and motion denied.