■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LIZA PORPIGLIA, Appellant. [627 NYS2d 720] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 7, 1994, convicting her of tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a New York City police officer during the relevant time period, was telephoned by a police doctor who instructed her to return a prescription for a controlled substance that the doctor had written. The doctor had received a letter from the defendant's insurance carrier indicating that prior prescriptions may have been altered, *inter alia,* to

provide for unauthorized refills. The defendant told the doctor that she would simply tear up the prescription and throw it away, but the doctor requested that she return it intact. The defendant returned the prescription to the doctor the next day. It was torn in pieces, and the portion of the prescription that indicated that it could not be refilled was missing.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, it could readily be contemplated under the circumstances of this case that the prescription would be received as evidence at a prospective official proceeding *(see,* Penal Law § 215.35 [2]; *see also, People v DeRue,* 179 AD2d 1027, 1029; *People v Nicholas,* 70 AD2d 804, 805).

The record indicates that the doctor was acting solely in a medical management capacity when she demanded that the defendant bring back the prescription. Therefore, the defendant's statement to the doctor that she would tear up the prescription and return it the next day is not confidential information that is privileged pursuant to the physician-patient privilege *(see,* CPLR 4504 [a]; *see also, People v Newman,* 32 NY2d 379, 383-384, *cert denied* 454 US 1163; *Matter of Farrow v Allen,* 194 AD2d 40, 44; *Bernstein v Lore,* 59 AD2d 650). Bracken, J. P., Copertino, Krausman and Florio, JJ., concur.