■ Anthony R. Greico et al., Individually and as Parents and Natural Guardians of Gabriel B. Greico, an Infant, Respondents, v Albany Ambulette Service, Inc., et al., Appellants. [648 NYS2d 834] —Casey, J. Appeal from an order of the Supreme Court (Canfield, J.), entered October 6, 1995 in Rensselaer County, which, *inter alia*, denied defendants' motion for a protective order.

Gabriel B. Greico (hereinafter Greico), an infant, was a passenger in a van owned by defendant Albany Ambulette Service, Inc. when the driver, defendant Michael J. O'Reilly, lost control of the van causing it to overturn. Plaintiffs, Greico's parents, commenced this action for personal injuries against defendants both individually and on Greico's behalf. Following joinder of issue and the commencement of discovery, plaintiffs served upon defendants a notice of further discovery demands,

dated April 4, 1995, requiring them to produce, among other things, the personnel file, medical file, training and qualifications file, payroll records and sign in sheets, driving history abstract and written employment application for O'Reilly. Defendants orally objected to these demands at depositions held on June 29, 1995. On July 7, 1995, they made a formal motion for a protective order striking these demands. Supreme Court, *inter alia*, denied the motion and this appeal by defendants ensued.

Initially, inasmuch as defendants failed to timely object to plaintiffs' demands within 20 days in accordance with CPLR 3122 (a), our review is limited to determining if the material requested is privileged under CPLR 3101 or otherwise palpably improper (*see, Titleserv, Inc. v Zenobio*, 210 AD2d 314, 315; *Smith v International Paper Co.*, 142 AD2d 858, 860). Absent the existence of a physician-patient relationship, we cannot conclude that the medical information sought by plaintiffs is privileged (*see, State of New York v Town of Moreau*, 201 AD2d 802; *Smith v International Paper Co.*, *supra*). Defendants' reliance upon *Dillenbeck v Hess* (73 NY2d 278) is misplaced because that case involved a request for hospital records which clearly fell within the ambit of the physician-patient privilege. As to the remaining information requested by plaintiffs, we find this information relevant and probative to the prosecution of this action. Consequently, we reject defendants' claim that such requests are palpably improper and conclude that Supreme Court properly denied defendants' motion.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.