■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO CARDENAS, Appellant. [658 NYS2d 992] —Appeal by the defendant from a judgment of the County Court, Nassau County (Mogil, J.), rendered January 10, 1995, convicting him of criminally negligent homicide (two counts) and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was the driver of a vehicle with which he knowingly struck two pedestrians. The defendant fled from the scene, admittedly attempted to clean blood evidence off his vehicle, and removed the vehicle's license plates.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was

legally sufficient to establish the defendant's guilt of tampering with physical evidence beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the conviction of tampering with physical evidence was not against the weight of the evidence (see, CPL 470.15 [5]). Contrary to the defendant's contention, it could readily be contemplated under the circumstances of this case that the evidence he removed would be received as evidence at a prospective official proceeding (see, People v Porpiglia, 215 AD2d 784; People v DeRue, 179 AD2d 1027; People v Nicholas, 70 AD2d 804).

Moreover, the verdict sheet that was submitted to the jury was proper. It contained no references to any of the statutory elements of manslaughter in the second degree, but merely instructed the jury not to consider the lesser-included offense of criminally negligent homicide unless the defendant was found not guilty of the charged offense (see, People v Cole, 85 NY2d 990; People v Clark, 217 AD2d 555; People v Vargas, 199 AD2d 291).

The defendant's remaining contention is without merit (see, People v Spann, 56 NY2d 469). Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.