OPINION OF THE COURT
Paul G. Feinman, J.
At the April 2, 1998 calendar call, this court decided defendant’s omnibus motion. The court issued an order which, inter alia, denied defendant’s motion to dismiss the charge of attempted tampering with physical evidence and granted his motion to dismiss the charge of disorderly conduct. This constitutes the court’s written decision explaining its reasoning for its prior order.
MOTION TO DISMISS FOR FACIAL INSUFFICIENCY
A misdemeanor information is sufficient on its face when it has both an accusatory part designating each and every offense charged and a factual part containing a statement of the complainant that alleges facts of an evidentiary nature that tend to support the charges (CPL 100.15 [2], [3]). The nonhearsay allegations must provide reasonable cause to believe that the defendant committed the offense(s) charged, and must establish, if true, every element of the offense charged (CPL 100.40 [1]). An accusatory instrument is facially insufficient if it fails to allege nonhearsay facts of an evidentiary nature that support or tend to support each and every element of the offenses charged and the defendant’s commission thereof (CPL 100.15 [3]; 100.40 [1] [c]; People v Alejandro, 70 NY2d 133 [1987]).
1. Attempted Tampering with Physical Evidence (Penal Law §§ 110.00, 215.40 [2])
A facially sufficient accusatory instrument charging a defendant with tampering with physical evidence must allege that defendant, with intent to commit a crime, engaged in conduct that tended to effect the commission of that crime (Penal Law § 110.00) and, specifically, defendant “[b]elieving that certain physical evidence [was] about to be produced or used in an of *815 ficial proceeding or a prospective official proceeding * * * intended] to prevent such production or use” by “concealment, alteration or destruction” (Penal Law § 215.40 [2]). “Physical evidence” is defined as “any article, object, document, record or other thing of physical substance which is or is about to be produced or used as evidence in an official proceeding” (Penal Law § 215.35 [1]). “Official proceeding” means “any action or proceeding conducted by or before a legally constituted judicial, legislative, administrative or other governmental agency or official, in which evidence may properly be received” (Penal Law § 215.35 [2]). Here, the accusatory instrument alleges that defendant fled from Police Officer Sandra Martinez, and when she ordered him to stop, he placed in his mouth “a clear plastic bag containing a substance resembling marijuana.” Officer Martinez then “ordered” him to spit it out, but “[defendant refused, continued chewing said substance, and swallowed said substance.” Defendant contends that the accusatory instrument lacks sufficient nonhearsay factual allegations to establish reasonable cause to believe that defendant attempted to tamper with physical evidence.
An examination of the published case law shows an evolution in the court’s interpretation of this statute. In People v Traynham (95 Misc 2d 145 [Crim Ct, NY County 1978]) defendant allegedly purchased a glassine envelope containing white powder, but when approached by three police officers, put the envelope in his mouth, and it was never recovered. The court dismissed the charge of criminal tampering with physical evidence, holding that the language of Penal Law § 215.40 (2) requiring that there be an “official proceeding or a prospective official proceeding” at which the evidence would be presented, did not include “inquiry, investigation or arrest by the police” (95 Misc 2d, at 147). Subsequently, in People v Nicholas (70 AD2d 804 [1st Dept 1979]), the Court focused on the “official proceeding” and determined that a proceeding need not exist at the time of the crime, holding that although defendant’s act in moving a dead body was done prior to an official proceeding, “a prospective official proceeding could readily be contemplated” (70 AD2d, at 805). A number of cases involving murder victims whose bodies were concealed or moved have followed the same reasoning. (See, e.g., People v DeRosa, 165 AD2d 831 [2d Dept], lv denied 76 NY2d 985 [1990] [burial of murder victim]; People v Hayes, 179 AD2d 438 [1st Dept], lv denied 79 NY2d 858 [1992] [murder, dismemberment, and dumping of body]; People v Cosby, 200 AD2d 682 [2d Dept], lv denied 83 NY2d 851 [1994] *816 [murder, removal of body, cleaning of scene of death].) In all these cases, it can be assumed that “due to the condition of the bodies and the manner of death and disposal,” there was reason to “conclude that a prospective official proceeding could be contemplated” (People v Pappas, 163 Misc 2d 1029, 1036 [Crim Ct, Kings County 1994]). In contrast, where two bodies were discovered in the trunk of an abandoned car, and it was determined that they died of drug overdoses, but it could not be determined when they died or that defendant had anything to do with their deaths, the accusatory instrument was dismissed as there could have been no contemplation of an official proceeding, and the accusations that defendant had removed human remains from their place of death and had attempted to tamper with physical evidence lacked prima facie evidence of their commission (People v Pappas, 163 Misc 2d 1029, supra).
In other types of cases, the courts have closely examined the circumstances of the alleged crime and quality of the evidence to determine whether the charge of tampering was sufficient. For instance, in People v Barreiro (149 AD2d 600 [2d Dept 1989]), defendant’s actions in taking the gun used in a shooting, wiping it clean of fingerprints, and concealing it in her sister’s apartment was held to be tampering. Similarly, in People v Patterson (169 Misc 2d 787 [Sup Ct, Kings County 1996]), following a shooting, a probation officer was convicted of tampering with physical evidence after she failed to report the discharge of her firearm and, when it was taken from her at her arrest, it appeared to have been cleaned, showed no evidence of discharge, and was fully loaded. In a case involving altered prescriptions, the defendant was found guilty of tampering with physical evidence after her doctor, who had been notified of possible alterations, asked her to return intact a prescription, and the defendant returned the form torn into pieces with the section missing that indicated the prescription could not be refilled; the court reasoned that an official proceeding could be contemplated in which the prescription would be received as evidence (People v Porpiglia, 215 AD2d 784 [2d Dept], lv denied 86 NY2d 800 [1995]). Similarly, where a defendant was asked to supply business records during an audit, it could be contemplated that a prosecution for tax evasion could be held (People v DeRue, 179 AD2d 1027, 1029 [4th Dept 1992]).
In the case at bar, it is alleged that defendant fled from Police Officer Sandra Martinez, and when she ordered him to *817 stop, he placed in his mouth “a clear plastic bag containing a substance resembling marijuana.” Officer Martinez then “ordered” him to spit it out, but “[defendant refused, continued chewing said substance, and swallowed said substance.” The People argue that the allegations establish circumstantially that defendant believed the physical evidence, if retrieved, would be produced at an official proceeding. The basis of their argument for his belief is that Officer Martinez was in uniform at the time she ordered defendant to stop, and then ordered him to spit out the alleged marihuana. Defendant asserts that the case is similar to People v Simon (145 Misc 2d 518 [Crim Ct, NY County 1989]), in which defendant threw down a glass pipe allegedly containing cocaine which he had been smoking, thus breaking the pipe. In Simon, the charge of tampering with physical evidence was dismissed because there was no allegation in the accusatory instrument that defendant either believed the physical evidence was about to be produced at an official or prospective official proceeding or that he “intend[ed] to prevent” its production at such a proceeding (145 Misc 2d, at 523). However, the People note that in contrast to the alleged facts in the case at bar, the Simon decision specifically held there were no evidentiary facts as to the nature of the arresting officer’s “official function”, i.e., in what capacity the officer was functioning at the time he or she spotted and then approached Mr. Simon as he was smoking (145 Misc 2d, at 521).
The court agrees with the People that the alleged circumstances in the case at bar are significantly distinguishable from those in Simon (supra). Here, Officer Martinez received a radio communication describing a “male black, wearing a black/ tan jacket, with a gun” at 120th Street and Second Avenue. When she arrived at this location, she saw defendant, “who matched this description”, and then approached him. Unlike Simon, where there was no indication of the officer’s “function” (People v Simon, supra, 145 Misc 2d, at 521), the accusatory instrument in the case at bar makes it clear that Officer Martinez was functioning in her capacity of investigating criminal activity and maintaining order. The very fact that defendant allegedly disposed of the bag of alleged marihuana, the possession of which is a crime in New York State, was prompted by the approach of a uniformed police officer. Defendant’s alleged action of eating a clear plastic bag containing alleged marihuana is comprehensible as rational conduct only if he feared the confiscation of the bag and its contents and the subsequent arrest and arraignment on marihuana possession charges. To *818 the extent that the holding in People v Traynham (supra, 95 Misc 2d, at 147) holds otherwise, this court declines to follow its reasoning.
The fact that the alleged marihuana no longer exists, while perhaps affecting the ability of the People to persuade a jury that defendant is guilty beyond a reasonable doubt, does not, standing alone, render the accusatory instrument insufficient. Here, the accusatory instrument states that Officer Martinez believed the substance to be marihuana based on her professional training as a police officer in the identification of drugs, her prior experience in drug arrests, and her observation of the packaging, which is characteristic of marihuana. The accusatory instrument is sufficient to establish a prima facie case of attempted tampering with physical evidence (People v Moncayo, NYLJ, Apr. 10, 1997, at 29, col 4 [App Term, 2d Dept] [dismissal of information reversed where motion court confused reasonable cause pleading standard with proof beyond a reasonable doubt trial standard]). Accordingly, defendant’s motion to dismiss the charge of attempted tampering with physical evidence is denied.
2. Disorderly Conduct (Penal Law § 240.20 [1])
Turning to the second charge, that of disorderly conduct, the accusatory instrument must allege that defendant “inten[ded] to cause public inconvenience, annoyance or alarm,” or recklessly created such a risk by “engaging] in fighting or in violent, tumultuous or threatening behavior” (Penal Law § 240.20 [1]). Here, the allegations are that after defendant swallowed the alleged bag of marihuana, he “then started loudly yelling obscenities at [the officer] in full view of passersby.” Defendant contends that his alleged conduct was “addressed solely to the deponent police officer” (affirmation, at 4, 12) and cites People v La Sister (9 Misc 2d 518 [Ct Spec Sess, NY City 1958]) for the proposition that vulgar and obscene language directed solely at a police officer without allegations that others heard him or were annoyed or disturbed by him, is insufficient to constitute disorderly conduct.
The Court of Appeals has emphasized that the conduct proscribed by the statute must involve situations which are “carried beyond the concern of individual disputants to a point where they had become a potential or immediate public problem” (People v Munafo, 50 NY2d 326, 331 [1980]). Munafo instructs the court to “assess the nature and number of those attracted,” including all the circumstances such as time and *819 place. (Supra.) Here, defendant was arrested on January 17, 1998 at about 5:10 p.m. at 120th Street and Second Avenue in the City and County of New York. The court takes note that this was a Saturday evening on a residential and commercial street which normally has a fair amount of vehicular and pedestrian activity. However, the language in the factual segment of the accusatory instrument contains mere conclusory statements alleging that defendant shouted obscenities. There are no evidentiary facts that would establish that such obscenities were of the quality to violate the statute (People v Houston, NYLJ, Oct. 15, 1997, at 34, col 5 [App Term, 2d Dept]). Moreover, although the accusatory instrument references “passersby”, it makes no allegations concerning the numbers of passersby, whether they were annoyed or threatened or in any way disturbed, or whether they aided and abetted defendant or were encouraged to do so (People v Munafo, supra, 50 NY2d, at 332). There is also no reference as to the gathering of any crowd at the scene (People v Appolon, NYLJ, Apr. 22, 1997, at 25, col 3 [App Term, 1st Dept]; cf., People v Tichenor, 89 NY2d 769 [1997] [disorderly conduct found when as officer attempted to arrest defendant, crowd gathered, calling “Leave him alone”; scuffle ensued involving several bar patrons]). Furthermore, the accusatory instrument contains no allegation of the essential element of either intent or recklessness (People v Tarka, 75 NY2d 996 [1990]; People v Hall, 48 NY2d 927 [1979]). For all of these reasons, the court finds that the accusatory instrument’s charge of disorderly conduct is legally insufficient. Accordingly, this count is dismissed.