■ LAWRENCE H. MORSE, INC., et al., Appellants, v ROBERT J. ANSON, SR., et al., Respondents. [673 NYS2d 796] —Mercure, J. Appeal from an order and judgment of the Supreme Court (Bradley, J.), entered December 19, 1996 in Ulster County, which, inter alia, dismissed the complaint and amended complaint for failure to comply with an order compelling disclosure.

Plaintiffs commenced this action to obtain a declaration of

the value of the stock of defendant Robert J. Anson, Sr., a retiring shareholder of plaintiff Lawrence H. Morse, Inc. Defendants served notices for discovery and inspection in February 1992, July 1992 and June 1993. Plaintiffs failed to produce any material in response to the notices and, in July 1994, defendants moved for an order compelling compliance. By order dated February 21, 1995, Supreme Court granted defendants' motion to the extent of ordering plaintiffs to produce corporate diaries, accounting information, tax returns, the stock transfer ledger, balance sheets, income and expense statements, general ledger sheets, the corporate minute book, stock records, minutes and stock certificates, all from 1969 to the date of the order. Plaintiffs took no appeal from Supreme Court's order and provided no discovery until September 1995, when they produced incomplete and redacted records.

Defendants responded by serving notice that the documents were incomplete and unacceptable, detailing the extent of plaintiffs' noncompliance and advising that further noncompliance would result in a contempt motion. In October 1995, plaintiffs moved for a protective order and defendants moved for an order holding plaintiffs in contempt. Noting that plaintiffs had not appealed the prior order compelling discovery and made no present claim of privilege, Supreme Court denied plaintiffs' motion and granted defendants' motion, although allowing plaintiffs an additional 30 days within which to comply with its discovery order. Upon plaintiffs' further noncompliance, Supreme Court issued an order and judgment, *inter alia*, dismissing the amended complaint with prejudice. Plaintiffs appeal.

We affirm. Plaintiffs' entire argument centers on the propriety of Supreme Court's February 1995 order compelling discovery. In fact, based upon plaintiffs' failure to appeal that order or to otherwise object to its provisions for a period of over six months, and in the absence of any claim that the underlying discovery notice was palpably improper or involved privileged matter, plaintiffs are foreclosed from attacking its merits (*see,* CPLR 3122; *Smith v International Paper Co.,* 142 AD2d 858, 860; *see also, Greico v Albany Ambulette Serv.,* 232 AD2d 938; *Blessin v Greenberg,* 89 AD2d 862). In addition, we are unpersuaded that Supreme Court abused its discretion in imposing the harsh sanction of dismissal. Based upon the record before us, as disclosed in the chronology of events previously stated, we conclude that plaintiffs' failure to comply with the outstanding discovery order was willful and contumacious (*see,* CPLR 3126 [3]; *see also, Zletz v Wetanson,* 67 NY2d 711;

*Zirin v Brookdale Hosp. Med. Ctr.*, 216 AD2d 461; *Berman v Szpilzinger*, 180 AD2d 612; *cf.*, *Kubacka v Town of N. Hempstead*, 240 AD2d 374; *Ashline v Kestner Engrs.*, 219 AD2d 788, 790-791).

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order and judgment is affirmed, with costs.