■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN RAMIREZ, Appellant. [712 NYS2d 863] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated March 8, 1999 (*People v Ramirez,* 259 AD2d 567), affirming a judgment of the Supreme Court, Queens County, rendered January 7, 1998.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SANTIAGO, Appellant. [711 NYS2d 889] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered December 22, 1997, convicting him of manslaughter in the second degree and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish that he tampered with physical evidence is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of tampering with physical evidence beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the conviction of tampering with physical evidence was not against the weight of the evidence (*see,* CPL 470.15 [5]). Contrary to the defendant's contention, it could readily be contemplated under the circumstances of this case that the evidence he removed would be received as evidence at a prospective official proceeding (*see, People v Cardenas,* 239 AD2d 594; *People v Porpiglia,* 215 AD2d 784; *People v DeRue,* 179 AD2d 1027).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not require reversal. Goldstein, J. P., McGinity, Luciano and Smith, JJ., concur.