■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARLIND GABB, Also Known as EARLAND GABB, Appellant. [782 NYS2d 813]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered March 21, 2002, convicting him of tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Nicholas,* 70 AD2d 804, 805 [1979]; *see also People v Santiago,* 273 AD2d 488 [2000]; *People v Cardenas,* 239 AD2d 594 [1997]).

Following a *Molineux* hearing (*see People v Molineux,* 168 NY 264 [1901]), the Supreme Court properly admitted into evidence testimony indicating that, after the decedent's death, the defendant took possession of certain disability checks addressed to the deceased, and that the Social Security Administration subsequently received a request that future checks be sent to the defendant's address. Such testimony did not amount to evidence of uncharged crimes inasmuch as the People did not seek to establish that the defendant negotiated any of the checks. Moreover, the testimony was highly probative of the defendant's intent to conceal the fact of the decedent's death, and its probative value outweighed any undue prejudice to the defendant (*see e.g. People v Allweiss,* 48 NY2d 40, 47 [1979]; *People v Lawrence,* 4 AD3d 436 [2004], *lv denied* 2 NY3d 802 [2004]).

The defendant's remaining contention is without merit. Ritter, J.P., S. Miller, Mastro and Fisher, JJ., concur.