■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES A. BARTON, Appellant.— AULISI, J. Appeal from a judgment of the County Court of Chemung County rendered August 16, 1967, upon a verdict convicting defendant of the crimes of resisting an officer and disorderly conduct. Defendant early in the morning of March 22, 1967 caused a disturbance at a hospital in the City of Elmira, and the police were called. After talking to him and calming him down, defendant was allowed to remain on the premises and the police left. About an hour later the police again received a call because defendant was again causing a disturbance at the hospital. When the police arrived the second time, defendant was seated behind the wheel of his car which was parked in front of the hospital with the lights on and the motor running. One of the officers went over to defendant and, after some discussion, defendant hit or pushed him and uttered a profanity in response to the officer. He then placed defendant under arrest for disorderly conduct and reached into the car attempting to turn off the keys in the ignition. Defendant drove away and dragged the officer several feet before he fell to the street sustaining injury which resulted in three days hospitalization for the patrolman. Defendant was later apprehended at a gas station and thereafter indicted for assault, second degree, and the misdemeanors of resisting an officer and disorderly conduct. He was convicted on the two misdemeanors and sentenced to six months on each conviction with the sentences to be served concurrently. Upon appeal, defendant argues that it was error for the trial court to refuse to receive in evidence a civil complaint in a negligence action brought by the police officer against him. While the complaint was admissible to show inconsistencies as to whether or not Evans' injuries were inflicted intentionally or negligently, the form of the civil complaint is obviously dictated by the nature of the likely insurance coverage and could not have weighed heavily against Evans' credibility in general, and its application with respect to the assault charge is academic in any event, defendant having been acquitted of the assault charge. It is contended that the trial court erred in allowing evidence of defendant's conduct both prior and subsequent to his criminal acts. These acts occurred at or about the same time as the acts in issue and as such tend to demonstrate defendant's continuing intent and to negate any idea of mistake or mere carelessness on defendant's part. (Richardson, Evidence [9th ed.], §§ 177, 182, 183.) Defendant also objects to the refusal to charge the jury on the use of reasonable force to resist an unlawful arrest (formerly Penal Law, § 246). At Evans' first words defend-

ant hurled back abusive language, and this, coupled with the prior abusive language in the emergency room certainly gave Evans probable cause to make an arrest for disorderly conduct committed in his presence. If the arrest, or detention, was thus legal, defendant was not entitled to a charge which is infused with the idea that the arrest was illegal. Moreover, in *People* v. *Briggs* (19 N Y 2d 37) it was made quite clear that the place to dispute the legality of an arrest is before the Magistrate. While that case dealt with the sufficiency of a warrant, there would seem to be no difficulty in extending the same rationale to arrests without warrants. It is interesting to note the Legislature has just amended the new Penal Law to add section 35.27 entitled "Justification; use of physical force in resisting arrest prohibited" (L. 1968, ch. 73, eff. March 21, 1968) which states: "A person may not use physical force to resist an arrest, whether authorized or *unauthorized,* which is being effected or attempted by a peace officer when it would reasonably appear that the latter is a peace officer." (Emphasis added.) Lastly, none of the defendant's remaining contentions, including the measure of punishment, seem to require discussion. Judgment affirmed. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.