OPINION OF THE COURT
Ann E. Pfeiffer, J.
STATEMENT OF FACTS
The information in this case alleges that the defendant, a striking Greyhound Bus Company employee, committed the *589 offense of disorderly conduct in violation of Penal Law § 240.20 (3) by making an obscene statement ("F_you”) to the complainant, a City of Rochester police officer, while complainant was attempting to disperse defendant and a number of other striking Greyhound employees. Defendant contends in his motion papers, that what he said was "F_ this shit”, directed to no one in particular, and arising from his general frustration with the situation.
Defendant’s omnibus motion asks, in relevant part, that the court dismiss the information, based upon his claim that Penal Law § 240.20 (3) is unconstitutional, or, in the alternative, that the information be dismissed as facially insufficient. The People have opposed dismissal, asserting that Penal Law § 240.20 (3) is constitutional and that the information is facially sufficient. After considering the allegations of the information in the light most favorable to the People (see, People v Ford, 66 NY2d 428; People v Thompson, 72 NY2d 410, rearg denied 73 NY2d 870), the court grants defendant’s motion and dismisses the information based on the unconstitutional overbreadth of Penal Law § 240.20 (3).
DISCUSSION
The Court of Appeals recently struck down a portion of Penal Law § 240.25, which defines the crime of harassment, as unconstitutionally overbroad. (People v Dietze, 75 NY2d 47.) The language which the court found impermissible provided that:
"[a] person is guilty of harassment when, with intent to harass, annoy or alarm another person * * *
"2. In a public place, he uses abusive or obscene language, or makes an obscene gesture”. (Penal Law § 240.25 [2]; People v Dietze, supra, at 51.)
The portion of the disorderly conduct statute which the defendant challenges in this case states, in relevant part, that:
"[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof * * *
"3. In a public place, he uses abusive or obscene language, or makes an obscene gesture”. (Penal Law § 240.20 [3].)
The People argue that the portion of the disorderly conduct statute upon which the prosecution in this case is based (Penal Law § 240.20 [3]) is distinguishable from the unconsti *590 tutional portion of the harassment statute, in that the disorderly conduct statute provides for a different mens rea than the impermissible harassment statute. This distinction does not lessen the constitutional infirmity of the statute, but rather, adds to it. As the People note, Penal Law § 240.20 (3) provides that a person is guilty of disorderly conduct when, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof * * * [i]n a public place, he uses abusive or obscene language, or makes an obscene gesture” (emphasis added). Under this statute the mental culpability which the People need to prove in order to sustain a conviction (recklessness) is less than the mental culpability which must be proven under the constitutionally impermissible harassment statute (intent). If abusive or obscene speech which is intended to harass, annoy or alarm another person is constitutionally protected as the Court of Appeals held in Dietze (supra), then that same speech must surely be constitutionally protected when the speaker, without intent to cause annoyance or alarm, recklessly or inadvertently achieves that result.
The People also argue that the harassment statute is designed to prevent alarm or annoyance to individuals, while the disorderly conduct statute protects against public disturbances or breaches of the peace, and therefore the greater public good requires that the disorderly conduct statute be upheld. The court finds this argument unpersuasive. Speech which is constitutionally protected may not be prohibited based on the number of listeners it reaches.
When construing the provisions of the Penal Law, courts must be careful to do so "according to the fair import of their terms to promote justice and effect the objects of the law” (Penal Law § 5.00) and in such a way as to scrupulously insure that criminal responsibility is not extended beyond the fair scope of the legislative mandate. (See, People v Hedgeman, 70 NY2d 533; People v P. J. Video, 68 NY2d 296, cert denied 479 US 1091; People v Case, 42 NY2d 98, 101; People v Gottlieb, 36 NY2d 629, 632; People v Wood, 8 NY2d 48.) It is a fundamental requirement of due process that a criminal statute must be stated in terms which are reasonably definite so that a person of ordinary intelligence will know what the law prohibits. (Connally v General Constr. Co., 269 US 385; United States v Petrillo, 332 US 1, 6; People v Smith, 44 NY2d 613.) A criminal statute must be informative on its face (People v New York Trap Rock Corp., 57 NY2d 371, 378-379; People v Firth, 3 *591 NY2d 472, 474) and, in this respect must be sufficiently definite, clear and positive to give unequivocal warning of the rule which is to be obeyed. (People v Byron, 17 NY2d 64.) A statute is unconstitutionally vague when it fails to provide adequate warning of the conduct which is criminal in a given situation. (People v Cruz, 48 NY2d 419, 424, appeal dismissed 446 US 901.) These requirements insure that no one may be held criminally responsible for conduct which he could not reasonably understand to be prohibited, while preventing arbitrary and discriminatory enforcement by demanding "boundaries sufficiently distinct” for police, Judges and juries to fairly administer the law. (United States v Petrillo, supra, at 7; United States v Harriss, 347 US 612, 617; People v Cruz, supra, at 424.)
There is generally a strong presumption favoring the constitutional validity of a statute (Fenster v Leary, 20 NY2d 309; see also, People v Pagnotta, 25 NY2d 333, 337). Whenever possible, statutes should be construed in accord with constitutional requirements. (See, e.g., People v Liberta, 64 NY2d 152, 171; People v Barber, 289 NY 378, 385.)
In this case, as in Dietze (75 NY2d 47, 53, supra), "judicial construction might remedy the overbreadth of this statute, but only at the expense of rendering it unacceptably vague”. As written, Penal Law § 240.20 (3) is so ambiguous that it could not have advised this defendant that his statement might be prosecuted as disorderly conduct. Should this statute be construed to include constitutionally permissible limits on the conduct which may be punished, the plain language of the statute would fail to inform a reasonable person of the conduct which is (and, more importantly in this case, the conduct which is not) prohibited. Thus, the statute would fail to give fair warning of the nature of the conduct proscribed as required by Penal Law § 1.05. Further, such a saving construction is not one which is reasonably implicit, as it must be, in the words chosen by the Legislature. (People v Dietze, at 52; People ex rel. Morriale v Branham, 291 NY 312, 317; see also, People v Finkelstein, 9 NY2d 342, 345; People ex rel. Simpson v Wells, 181 NY 252.) Penal Law § 240.20 (3) is therefore unconstitutionally overbroad; the information must be dismissed.
Finally, were the court able to construe Penal Law § 240.20 (3) so as to establish constitutionally permissible limitations on its scope, the language complained of ("f_you”) would necessarily fall outside of the scope of the statute. (People v Dietze, supra, at 54 [Wachtler, Ch. J., concurring opn]; People *592 v Burford, 34 NY2d 699; People v Pecorella, 32 NY2d 920; People v Shaheen, 32 NY2d 675.) This information would therefore fail to allege facts which could support a conviction under Penal Law § 240.20 (3) and would be dismissed as facially insufficient in accordance with defendant’s motion.