*625 OPINION OF THE COURT
Felicia A. Mennin, J.
The defendant, Derrick Diaz, is charged with resisting arrest (Penal Law § 205.30), and disorderly conduct (Penal Law § 240.20 [1]). He moves for an order (1) dismissing both counts of the accusatory instrument as facially insufficient pursuant to Criminal Procedure Law § 170.30 (1) (a), § 100.15 (3), and § 100.40 (1) (c); (2) precluding the People’s introduction of any statement allegedly made by him and/or identification testimony at trial; and (3) precluding the use at trial of any convictions or “prior bad acts” evidence. The People oppose the motion to dismiss and move to add a count of harassment in the second degree (Penal Law § 240.26) based on the facts alleged in the accusatory instrument.
Facial Insufficiency Claim
For jurisdictional purposes, a criminal court information is sufficient on its face when it contains nonhearsay factual allegations that establish, if true, every element of the crimes charged and the defendant’s commission thereof. (CPL 100.15 [3]; 100.40 [4] [b]; People v Henderson, 92 NY2d 677, 679 [1999]; People v Alejandro, 70 NY2d 133 [1987]; People v Dumas, 68 NY2d 729 [1986].) When considering a facial sufficiency claim, the court must read the allegations in the light most favorable to the People. (CPL 170.45; People v Jennings, 69 NY2d 103, 114 [1986].)
Disorderly Conduct
The defendant is charged with disorderly conduct under subdivision (1) of Penal Law § 240.20 which provides in pertinent part that
“[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:
“1. He engages in fighting or in violent, tumultuous or threatening behavior.”
The relevant factual section of the complaint alleges the following:
“Deponent [Police Officer Lizabeth Acompora] [on August 23, 2008, at about 00:45 hours at 250 Clinton Street, County of New York] observed the defendants[ *626 [1]] yelling and screaming and behaving in a violent, tumultuous, and threatening manner, as follows: pushing at police officers and causing a disturbance. Defendant’s [sic] conduct created a public disturbance/inconvenience in that it caused a crowd to gather, disruption of the normal flow of traffic, and people to express alarm.”
The defendant argues that the facts alleged are insufficient to establish either that he intended to breach the peace or that he recklessly created such breach. This court disagrees. It is reasonable to conclude from the facts alleged that, contrary to the defendant’s argument, he intended to or recklessly disregarded that he would inconvenience, annoy or alarm members of the public by yelling, screaming and physically scuffling with police officers in a public place. Such an inference logically flows from the fact, alleged in the same accusatory instrument, that a crowd gathered in reaction to those violent outbursts and behaviors.
Even if the defendant’s conduct as alleged failed to establish his intent to create a breach of the peace, the complaint would be sufficient to the extent that it established that the defendant recklessly created a risk of such result. “A person acts recklessly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustified risk that such result will occur or that such circumstance exists.” (Penal Law § 15.05 [3].) It is reasonable to infer from the facts alleged in the accusatory instrument that the defendant knew that his verbal outbursts and pushing of the officers created a risk that others would be drawn to the scene. As the court noted in People v Tichenor (89 NY2d 769 [1997]), the statute in question “applies to words and conduct reinforced by a culpable mental state to create a public disturbance.” (Id. at 775.) A loud and violent confrontation with the police in a residential neighborhood late at night carries the potential of such a result.[2] Whether or not the defendant’s conduct actually caused a public inconvenience *627 is irrelevant to a disorderly conduct charge. (People v Todaro, 26 NY2d 325, 328 [1970].)
Defendant cites a litany of authorities in support of his motion. However, the facts alleged here are easily distinguishable from those in the cases relied upon by the defendant. In People v Munafo (50 NY2d 326 [1980]), the defendant’s violent behavior occurred in a secluded area of his own farm “far removed from any public thoroughfare or business or residential area.” (Id. at 331.) The only persons at the scene were the defendant, a construction crew that he confronted on his property and a few passersby. By contrast, the court takes judicial notice of the fact that 250 Clinton Street is located in a high-density residential area in New York City. Although the incident occurred at 12:45 a.m., the court notes that it occurred in late August when it is not uncommon to find persons out and about on a summer night.
In People v Palmer (176 Misc 2d 813 [Crim Ct, NY County 1998]), the court, in part, based its decision granting dismissal of a disorderly conduct count brought under a different subdivision of Penal Law § 240.20 on the fact that the accusatory instrument merely referred to the defendant’s verbal outburst of obscenities at police officers “ ‘in full view of passersby.’ ” (176 Misc 2d at 818.) Here, a reasonable inference may be drawn that members of the public were drawn to the scene by the defendant’s words and actions. So too is the unpublished decision in People v Raphael (Crim Ct, NY County, 2004, docket No. 2004NY020378) distinguishable from this matter. In that case, the court concluded that a count of disorderly conduct under subdivision (6) of Penal Law § 240.20 (refusing to comply with a lawful order of the police to disperse after congregating with others in a public place) was facially insufficient, in part, because no mens rea could reasonably be inferred from the mere presence of a large group of persons outside a club when the defendant, a member of that group, refused to leave the area. In this case, the crowd allegedly gathered in response to the defendant’s alleged verbal outbursts and physical actions.
The defendant’s reliance on the unpublished decision in People v Barlow (Crim Ct, NY County, 1999, docket No. 99N073365) is *628 also misplaced. In that case, the court dismissed a disorderly conduct count alleging that the defendant was observed tearing down posters from barricades on a subway platform in full view of other passengers. Such conduct, the court concluded correctly, would not constitute the offense charged because it was unlikely to breach the public peace. On the other hand, defendant Diaz’ alleged loud and combative conduct directed at the police was confrontational and likely to cause precisely the kind of public disturbance that the statute is intended to prevent.
Equally unavailing is the defendant’s reliance on the unpublished decisions in People v Washington (NYLJ, Dec. 22, 2000, at 30, col 6 [Crim Ct, NY County 2000]) and People v Gonzalez (Crim Ct, NY County, 2001, docket No. 2001NY026908). In those cases, the accusatory instrument made no mention of any other person having observed or overheard the defendant’s confrontational conduct and verbal outbursts. Here, the complaint states that a crowd formed.[3]
Finally, the defendant argues that the “only allegations that the public was disturbed at all are conclusory.” However, the case is merely at the pleading stage. At trial, the People will have to prove to the trier-of-fact beyond a reasonable doubt that the defendant committed each and every element of the crime. “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading . . . .” (People v Casey, 95 NY2d 354, 360 [2000].)[4] The accusatory instrument in this case provides the defendant with notice sufficient to prepare a defense. Accordingly, the defendant’s motion for an order dismissing the disorderly conduct count as facially insufficient is denied.
*629 Resisting Arrest
Penal Law § 205.30 proscribes the following conduct: “A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a police officer or peace officer from effecting an authorized arrest of himself or another person.”
The defendant’s alleged acts of flailing his arms so as to prevent his being handcuffed clearly establish that he intended to prevent or attempted to prevent his arrest. A person may not be convicted of resisting arrest, however, unless his or her arrest was authorized, i.e., based upon probable cause. (People v Jensen, 86 NY2d 248, 253 [1995].) As the court has determined above, the police had full probable cause to arrest the defendant for violation of the disorderly conduct statute before the defendant allegedly tried to prevent his handcuffing. Therefore, the arrest was authorized, and the defendant’s alleged resistance to his arrest would be a violation of the resisting arrest statute.
Accordingly, the defendant’s motion for an order dismissing the resisting arrest count is denied.
Preclusion of Statements, Identification Testimony, Impeachment by Prior Convictions and/or Bad Acts
Each of the defendant’s remaining motions: (1) to preclude use of any statements he allegedly made to law enforcement personnel; (2) to preclude the introduction of any alleged out-of-court identification of him to law enforcement personnel; and (3) to preclude impeachment of him by alleged prior convictions or bad acts, are referred to the trial court for decision.
People’s Motion to Add Harassment Count
The People’s motion to add a count of harassment in the second degree (Penal Law § 240.26) does not specify under which subdivision of that statute they wish to charge the defendant. However, they do assert as the alleged factual basis for the offense that the defendant allegedly pushed at the police officers. Subdivision (1) of the statute proscribes the following conduct:
“A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person:
“1. He or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same . . . .”
*630 The factual allegations make out this offense. The defendant’s alleged pushing at the police officers reasonably allows an actus reus and a mens rea of intent to be inferred from those acts.
Accordingly, the People’s motion for an order adding a count of harassment in the second degree (Penal Law § 240.26 [1]) is granted.

. A second defendant was charged along with defendant Diaz, but his case has been separated.

. Tichenor, focusing its attention on evidence at trial which established that the crowd in that case joined in the defendant’s violence, emphasized the risk of such escalation in its analysis of the purpose of the disorderly conduct statute. Nevertheless, Tichenor reaffirmed the broad definition of a breach of peace first articulated in People v Munafo (50 NY2d 326, 331 [1980]), “public *627 inconvenience, annoyance or alarm.” (People v Tichenor, 89 NY2d at 774.) This definition, which the Legislature incorporated into the current statute, clearly covers more than circumstances where there is a risk that others will join the fray. The statute contemplates penalizing public conduct which is likely to do no more than “inconvenience” citizens from continuing to go on with their own activities.

. The court respectfully declines to follow the unpublished decision in People v Arenas (Grim Ct, NY County, 2005, docket No. 2005NY059954). The court disagrees that the disorderly conduct statute requires of an accusatory instrument more than that a defendant’s violent conduct drew a crowd to the scene. In no way does the statute specify that a defendant must have invited or encouraged the crowd to participate in his wrongful conduct. To construe the statute to require proof of such incitement would effectively immunize those who engage in street violence from legal sanction.

. The cases binding on this court, Munafo, Tichenor and Todaro, each dealt with convictions after trial, where all of the evidence was available for the appellate court’s review. Here, the court is merely assessing the facial sufficiency of the accusatory instrument.