This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 76
The People &c.,
          Respondent,
        v.
Richard Gonzalez,
          Appellant.

Robert S. Dean, for appellant.
Malancha Chanda, for respondent.

MEMORANDUM:

The order of the Appellate Division should be reversed, defendant's motion to suppress granted, and the indictment dismissed.

Defendant shouted obscenities at police officers in a subway station in Manhattan, provoking looks of surprise and

- 1 -

curiosity from some passengers and evasive movements from others. The officers followed defendant to another level of the station, where a police sergeant prevented him from leaving. The sergeant observed an illegal knife on defendant's person and arrested him.

Defendant moved to suppress the knife on the ground that the police stop had been illegal. Supreme Court denied the motion. Following a jury trial, defendant was convicted of one count of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]).

On appeal, the parties do not dispute the facts underlying the suppression issue in this case, as described in police testimony credited by the motion court. The parties further agree that if the police had probable cause to arrest defendant for disorderly conduct (see Penal Law § 240.20 [3]), the detention would have been justified. Probable cause determinations typically involve mixed questions of law and fact (see People v Oden, 36 NY2d 382, 384 [1975]) and therefore are beyond this Court's review power if supported by evidence in the record. Here, however, there is no record support for the motion court's determination that defendant's rant against the police officers constituted the crime of disorderly conduct. " '[A] person may be guilty of disorderly conduct only when the situation extends beyond the exchange between the individual disputants to a point where it becomes a potential or immediate public problem' " (People v Baker, 20 NY3d 354, 359-360 [2013]),

quoting <u>People v Weaver</u>, 16 NY3d 123, 128 [2011]).

The People's remaining contention on the suppression issue is without merit. Defendant's motion to suppress should have been granted. We have no occasion to address defendant's argument with respect to the mens rea of criminal possession of a weapon (<u>see</u> Penal Law § 265.01 [1]).

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order reversed, defendant's motion to suppress granted and indictment dismissed, in a memorandum. Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided June 25, 2015