The People of the State of New York, Respondent,
against
Luis Villegas, Appellant.



Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Toko Serita, J.), rendered February 25, 2013. The judgment convicted defendant, upon his plea of guilty, of resisting arrest.




ORDERED that the judgment of conviction is affirmed.
Defendant was charged in an information with resisting arrest (Penal Law § 205.30) and disorderly conduct (Penal Law § 240.20 [1]). The factual part of the information alleged that, on or about February 18, 2013, between 6:40 p.m. and 6:50 p.m., inside of one of the emergency rooms in the Queens Hospital Center, defendant yelled at the doctor and nurse attending to him, and at a police officer from the New York City Health and Hospitals Corporation, and threatened to "kick their asses," which caused a crowd to gather, thereby creating a public inconvenience. The information further alleged that, when the officer was attempting to place handcuffs on defendant, defendant tried to punch the officer in an attempt to avoid being handcuffed and placed under arrest. Defendant ultimately pleaded guilty to resisting arrest in satisfaction of the accusatory instrument. On appeal, defendant contends that both counts of the information were facially insufficient. 
Since defendant did not waive prosecution by information, the facial sufficiency of the accusatory instrument must be evaluated under the standards which govern the legal sufficiency of an information (see People v Kalin, 12 NY3d 225, 228 [2009]). Pursuant to CPL 100.40 (1), an information, or a count thereof, is sufficient on its face when: (a) it substantially conforms to the requirements prescribed in CPL 100.15; and (b) the allegations of the factual part of the information, together with those of any supporting depositions which may accompany it, provide reasonable cause to believe that the defendant committed the offense or offenses charged in the accusatory part of the information; and (c) nonhearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense or offenses charged and the defendant's commission thereof (see Kalin, 12 NY3d at 228-229; People v Henderson, 92 NY2d 677, 679 [1999]). The law does not require that an information contain the most precise words or phrases most clearly expressing the charge; only that the crime and the factual basis therefor be sufficiently alleged (see People v Konieczny, 2 NY3d 569, 575 [2004]). As a result, a court reviewing an accusatory instrument for facial sufficiency should give the instrument "a fair and not overly restrictive or technical reading," and the instrument is [*2]legally sufficient "[s]o long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense" (People v Casey, 95 NY2d 354, 360 [2000]).
The factual part of an information charging resisting arrest must contain nonhearsay allegations, which establish, if true, that the underlying arrest was authorized, i.e., that the arresting officer had a warrant or probable cause to arrest the defendant for the commission of some offense (see People v Alejandro, 70 NY2d 133, 135 [1987]), here, disorderly conduct. Pursuant to Penal Law § 240.20 (1), a person is guilty of disorderly conduct "when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof . . . [h]e engages in fighting or in violent, tumultuous or threatening behavior." Critical to a charge of disorderly conduct is a finding that the defendant's disruptive behavior was of a public rather than an individual dimension (see People v Baker, 20 NY3d 354, 359 [2013]; People v Weaver, 16 NY3d 123, 127 [2011]). Consequently, a person may be guilty of disorderly conduct only when the situation extends beyond the exchange between the individual disputants to a point where it becomes "a potential or immediate public problem" (People v Munafo, 50 NY2d 326, 331 [1980]). The risk of public disorder does not have to be realized, but the circumstances must be such that defendant's intent to create such a threat, or reckless disregard thereof, can be readily inferred (see Baker, 20 NY3d at 360; Weaver, 16 NY3d at 128; People v Todaro, 26 NY2d 325, 329 [1970]; People v Kennedy, 19 NY2d 761, 762 [1967] ["It is enough that disorder was threatened by defendant's conduct"]).
Here, it is reasonable to conclude that defendant intended to cause a public inconvenience, annoyance or alarm, or recklessly created a risk thereof, by engaging in tumultuous or threatening behavior (see People v Diaz, 22 Misc 3d 624 [Crim Ct, NY County 2008]), based on the allegations that defendant yelled at a police officer and at the doctor and nurse attending to him in the emergency room of a public hospital, and threatened to "kick their asses." Such an inference logically flows from the fact, alleged in the accusatory instrument, that a crowd had gathered in reaction to these outbursts and threatening behavior, which sufficiently establishes the public dimension of defendant's conduct (see People v Cox, 44 Misc 3d 134[A], 2014 NY Slip Op 51162[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Diaz, 22 Misc 3d 624; cf. People v Gonzalez, 25 NY3d 1100, 1101 [2015] [other than defendant's rant against the police and the looks of "surprise and curiosity from some passengers," there was no support in the record for the offense of disorderly conduct]). Indeed, even if defendant's conduct, as alleged, had failed to establish his intent to create a breach of the peace, the information was sufficient, as it established, at the very least, that defendant had recklessly created a risk thereof (see Penal Law § 15.05 [3]; Diaz, 22 Misc 3d 624).
As the information sufficiently alleged facts establishing that the arresting officer had probable cause to believe that defendant had committed the offense of disorderly conduct (see Cox, 44 Misc 3d 134[A], 2014 NY Slip Op 51162[U]; People v Clarke, 34 Misc 3d 159[A], 2012 NY Slip Op 50438[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]), it sufficiently alleged that the arrest was authorized as required to support the resisting arrest charge (see Penal Law § 205.30; People v Barton, 30 AD2d 726 [1968] [the defendant's abusive words spoken to a police officer, coupled with prior abusive language used by him in a hospital emergency room, gave the officer probable cause to make an arrest for disorderly conduct]; cf. People v Jones, 9 NY3d 259, 263 [2007]). Furthermore, by alleging that defendant tried to punch the police officer in an attempt to avoid being handcuffed and placed under arrest, the information sufficiently alleged the offense of resisting arrest (see Cox, 44 Misc 3d 134[A], 2014 NY Slip Op 51162[U]; People v Gilpin, 36 Misc 3d 160[A], 2012 NY Slip Op 51822[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Accordingly, the judgment of conviction is affirmed.
Weston, J.P., Aliotta and Elliot, JJ., concur.
Decision Date: January 24, 2017